UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. MASO and JEANNIE MASO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1885-CEJ |
| | ) |
| FARMERS INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for leave to file a first amended complaint. Defendant has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff Joseph Maso was riding a motorcycle in St. Charles County, Missouri on July 24, 2014 when he crashed into a car driven by Supaporn Buske. Maso was injured in the crash and he claimed losses in excess of $600,000. At the time of the accident, the motorcycle was covered by a policy of insurance issued by defendant Farmers Insurance Company. Buske's insurer tendered its policy limit of $50,000, which plaintiffs accepted. Plaintiffs then filed a claim with defendant under the underinsured motorist coverage provision in the motorcycle policy. Defendant tendered the motorcycle policy's limit of $100,000, which the plaintiffs accepted.

The plaintiffs owned two automobiles that were also insured by defendant. In this action, the plaintiffs claim that they are entitled to recover under the automobile policies' underinsured motorist provisions. Defendant filed a

counterclaim seeking a declaration that its payment of the claim under the motorcycle policy satisfies its obligation to plaintiffs.

The deadline for filing an amended pleading without leave of court was February 2, 2015. On February 27, 2015, plaintiffs moved for leave to file an amended complaint. Plaintiffs' proposed amendment adds a claim based on the uninsured motorist coverage provisions of the automobile policies. Defendant opposes the motion, asserting that the amendment is futile.

**II. Discussion**

Pursuant to Federal Rule of Civil Procedure 15(a), courts should grant leave to amend pleadings freely "when justice so requires." A court may properly deny a party's motion to amend its complaint, however, when there is "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). If a proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim, then the court is justified in denying the amendment for futility. *E.g.*, *Trademark Med., LLC v. Birchwood Labs., Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014). In turn, a motion to dismiss may only be granted if, taking all the facts alleged in the complaint as true and construing the complaint in the light most favorable to the plaintiff, it appears that the complaint does not contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

In the proposed amendment, plaintiffs allege that Buske was insured at the time of the accident with liability coverage of $50,000 per person and $100,000 per occurrence. In Missouri, an uninsured motorist is defined as an operator of a motor vehicle (a) who is not covered by a liability insurance policy, (b) who is covered by a liability insurance policy that does not provide coverage of at least the state minimum of $25,000, (c) whose identity cannot be ascertained (*i.e.*, in a hit-and-run), or (d) whose insurer is insolvent and unable to pay. Mo. Rev. Stat. § 379.203 (citing Mo. Rev. Stat. § 303.030); *see Geneser v. State Farm Mut. Auto. Ins. Co.*, 787 S.W.2d 288, 291 (Mo. Ct. App. 1989) (clarifying *Cook v. Pedigo*, 714 S.W.2d 949, 952 (Mo. Ct. App. 1986)). Because plaintiffs the proposed amendment unambiguously states that Buske was insured above the statutory minimum, he was not an uninsured motorist under Missouri law. Thus, the uninsured motorist provisions of plaintiffs' policies with defendant are not a basis for recovery, and an amendment to the complaint to add that claim would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a first amended complaint [Doc. #14] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2015.